# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| JOE MILLER | : | DOCKET NO. 2:06-cv-833 |
| --- | --- | --- |
| VS. | : | JUDGE MINALDI |
| MARK THIBIDEUX AND WALTER GARNETT | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Currently before the court is a Motion for Summary Judgment [Doc. 22] filed on behalf of defendants Mark Thibideux and Walter Garnett. For the reasons set forth below, it is RECOMMENDED that defendants' Motion is GRANTED.

## Facts

Plaintiff is an inmate sentenced to the custody of the Louisiana Department of Corrections and incarcerated at Allen Correctional Center in the Mars Housing Unit. Doc. 7, at 1. On August 9, 2005, prison officials moved Samuel Kelly, another inmate, into the cell occupied by plaintiff. Doc. 1, at 4-5; Doc. 22, at 1. After Mr. Kelly was moved into the cell occupied by plaintiff, a physical altercation occurred between the two inmates. Doc. 7, at 2; Doc. 22, at 1. Both plaintiff and Mr. Kelly were subsequently sprayed with a chemical agent (mace) in an effort by the guards to end the altercation. Doc. 1, at 5; Doc. 7-1, at 3 ; Doc. 22, at 2. As a result, plaintiff, pro se, filed suit in federal court on May 15, 2006. Pursuant to 42 U.S.C. § 1983, plaintiff alleges that defendants violated the Eighth and Fourteenth Amendments by failing to protect him from Mr. Kelly and by using excessive force against him when they sprayed him with

1

mace. Plaintiff also alleges an assault in violation of Louisiana state law.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). It is the responsibility of the party moving for summary judgment to identify those portions of the record that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant carries its burden, the non-moving party must show that summary judgment is inappropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To do so, the party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex, Inc.*, 45 F.3d at 954; Fed. R. Civ. Proc. 56(e). Finally, the court must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975). If the record as a whole "could not lead a rational trier of fact to find for the non-moving party," no genuine issue for trial exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

A pro se litigant is held to a less stringent standard than a practicing attorney with regard to allegations made in a complaint. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, with regard to a Motion for Summary Judgment, a pro se litigant must still comply with basic evidentiary requirements, such as offering sworn materials to oppose the motion. *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980); *see also Cusick v. United States*, No. 06-24, 2008 WL 410075, *2 (W.D. La. 2/13/08).

## Analysis

### A. Plaintiff's § 1983 Claims

As a matter of law, plaintiff has failed to state a claim because he does not allege that he suffered more than a *de minimis* injury as a result of the altercation with Mr. Kelly or as a result of subsequently being sprayed with mace.

According to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) and the Fifth Circuit Court of Appeals, there can be no recovery under the Eighth Amendment for injuries considered *de minimis*. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). *De minimus* injuries include those that would not cause a person free from incarceration to seek medical care. *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997). A physical injury sufficing to support an Eighth Amendment claim is "an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." *Id.*

As is common protocol within the prison system, after the altercation, plaintiff in the instant matter was taken to the prison infirmary to have an examination to determine if he received any physical injury requiring professional medical care. Doc. 22-5. Defendants attached the sworn affidavit of Nelda Wilson, health administrator at Allen Correctional Center to their Motion for Summary Judgment. *Id.* According to Ms. Wilson's sworn testimony, plaintiff required no medical treatment for any injuries he received during the altercation with Mr. Kelly. *Id.* at 2. Instead, plaintiff was noted to have only minor cuts on his lips. *Id.* Additionally, plaintiff had no lasting effects from being sprayed with the chemical agent (mace) that lasted beyond minutes. *Id.*

Finally, Ms. Wilson avers that plaintiff has sought no medical treatment for any injuries that might have arisen from the altercation. *Id.* "[T]he mere reporting of cuts and abrasions, or swollen wrists by the medical personnel does not prove the inmate has received a physical injury which would measure up to the standards set out in the current statute, 42 U.S.C. § 1997e(e), and *Siglar v. Hightower* . . ." *Luong*, 979 F. Supp. at 486.

Further, plaintiff has failed to provide any evidence disputing defendants' testimony. He does not allege in his original or amended pleading any lasting effects from either the altercation or the use of the chemical agent by defendants. *See* Doc. 1; Doc. 7. In the affidavit plaintiff attached to his amended complaint he does not make any statement as to what injuries he incurred. Doc. 7-2. Finally, in his response to defendants Motion for Summary Judgment and Ms. Wilson's testimony, plaintiff does not aver that his injury was greater than that described by Ms. Wilson.[1] Doc. 24. Additionally, although he states in his Opposition to Summary Judgment that he was treated for his lip and eyes, he makes no allegation that he suffered an injury that this court could construe under *Siglar* to be greater than *de minimis*. Doc. 24, at 2.

Because plaintiff has failed to show that he suffered greater than *de minimis* injuries, he has not met his burden to refute defendants' Motion for Summary Judgment. It is therefore recommended that defendants' Motion for Summary Judgment is granted and plaintiffs federal claims are dismissed with prejudice.

### B. Plaintiff's State Law Claims

Plaintiff also seeks compensation under Louisiana state tort law. The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal

---

1 In fact, plaintiff attaches no affidavit to his Opposition. Plaintiff does attach "medical passes" dated May 10, 2006 and July 26, 2007 (nearly a year and two years after the incident). Docs. 24-6 to 24-8. These medical passes do not in any way indicate that they are related to the August 9, 2005 incident.

claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.,* 179 F.3d 217, 227 (5th Cir. 1999). Here the court discerns no reason to retain jurisdiction over plaintiff's state law claim. Accordingly, the court is recommending dismissal of this claim without prejudice so that plaintiff may assert it in the proper state law forum.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that defendants' Motion for Summary Judgment [Doc. 22] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 30, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE